**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| M-EDIF, Members of EDIF, also known as Wanda Boyd | Case No. 2:26-1182-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Coosaw Creek Country Club, *et al.*, | |
| Defendants. | |

This matter, brought pro se, is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11), recommending that the Court dismiss this action without prejudice and without issuance and service of process. Plaintiff was given notice that a party had 14 days from the date of the R&R to file any objection and a failure to file a timely objection would result in limited, clear error review and waiver of the right to appeal the district court's order. (*Id*. at 5). No timely objection was filed. For the reasons set forth below, the Court adopts the R&R as the Order of the Court, dismisses this action without prejudice and without issuance and service of process.

I. **Legal Standard**

A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II. Discussion

As the Magistrate Judge accurately noted, Plaintiff appears to bring this pro se action on behalf of an entity by the name of "M-EDIF," which is described as "a strategic planning firm focused on strategic planning for civil and human rights." (Dkt. No. 1 at 7). The Magistrate Judge correctly concluded that a pro se plaintiff cannot bring a representative action and that such action is subject to summary dismissal. (Dkt. No. 11 at 2). The Magistrate Judge further correctly found that Plaintiff could not state a plausible claim under Title VI or the Federal House Act, providing an additional basis for the summary dismissal of this action. (*Id*. at 3-4).

**Conclusion**

For the foregoing reasons, the R&R is **ADOPTED** (Dkt. No. 11) as the Order of the Court, this action is **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE OR SERVICE OF PROCESS.**

AND IT IS SO ORDERED.

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

April 19, 2026
Charleston, South Carolina

3